**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HEATHER MIZRACHI,          Plaintiff,      v.      THE SCHOOL DISTRICT OF PHILADELPHA,          Defendant. | : : : : : : : : : : : : |

No. 2:25-cv-01681-JHS

**STIPULATED DISCOVERY CONFIDENTIALITY ORDER**

**WHEREAS,** the parties to the above-captioned action (the "Action"), Plaintiff, Heather Mizrachi ("Dr. Mizrachi"), and Defendant, The School District of Philadelphia (the "School District," and together with Dr. Mizrachi, the "Parties"), will be engaged in discovery proceedings that include, among other things, taking depositions and producing documents;

**WHEREAS,** the discovery proceedings will necessarily involve the production of certain information that the Parties to the Action[1] believe to contain confidential information pertaining to Dr. Mizrachi, the School District, and/or employees, agents, and officers of the School District and Board of Education, and that may also include student information protected under the Family Education Rights and Privacy Act, 20 U.S.C. 1232g (2013) ("FERPA");

**WHEREAS,** the Parties expect that the confidential information, as defined more fully below, will relate to, among other things, (1) Dr. Mizrachi's medical records; (2) personally identifiable information ("PII") of the Parties or Third Parties (as defined below) that may give rise to privacy and/or safety concerns; (3) documents, information or materials which the

---

[1] Dr. Mizrachi and the School District are also each individually referenced as a "Party."

Producing Party is obligated by law, agreement or ethical code to keep confidential; (4) student names and information protected from disclosure under FERPA; (5) confidential or otherwise sensitive School District business information; and (6) other information, which the Parties, in good faith, believe is entitled to protection.  The Parties agree that they demonstrated that "good cause exists for the order of protection" and recognize that the Court may order disclosure of any subject covered by this Order or modify this Order at any time in the interest of justice."  *Pansy v. Borough of Stroudsburg*, 23 14.3d 772, 786 (3rd Cir. 1994); and

**WHEREAS,** the Parties, by, and through their respective undersigned counsel, have given their consent to these terms and have agreed to enter into this Stipulated Discovery Confidentiality Order (this "Order"), subject to the Court's approval;

**NOW, THEREFORE,** by and between the Parties hereto, through their undersigned counsel, it is stipulated and agreed that the following provisions of this Order will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests for admission, responses to requests for the production of documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each "Producing Party") in this Action.

1.    "Confidential Material" is:

a.    Discovery Material designated as "Confidential" pursuant to Paragraph 2 below, which a Party in good faith believes to contain confidential or sensitive business or personal information relating to a Party and/or persons who are not parties to this Action ("Third Party" or "Third Parties"), including but not limited to information which if disclosed might invade the

privacy rights (including but not limited to rights defined by FERPA), of any person, including the Parties, students of the School District and/or Third Parties.  The term "Confidential Material" or "Confidential Materials" includes, but is not limited to[2]:

     i.    trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information;

     ii.    personal medical information and/or PII of the Parties and/or Third Parties, including such information that could give rise to privacy and/or safety concerns;

     iii.    documents, information or materials which the Producing Party (as defined above) are obligated by law, agreement, or ethical code to keep confidential;

     iv.    documents, information or materials which contain data related to any of Defendant's student(s) and/or which are subject to protection under FERPA;

     v.    documents which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G);

     vi.    any copy, summary or reproduction of any item described in subparagraphs (i)–(v) of this definition.

     b.    Discovery Material designated as "Confidential — Attorneys' Eyes Only" pursuant to Paragraph 2, below, which a Party in good faith believes to contain confidential or sensitive business or personal information relating to a Party and/or Third Party (including, but not limited to, as specified at Paragraph 1.a, above) that is of such a sensitive nature that it requires protection greater than what is provided in this order for materials designated "Confidential."

---

[2] The Confidential Materials protected by this Order expressly include not only the tangible materials themselves, but also any information contained, reflected and/or represented in or by such tangible materials.

2.      The designation of Discovery Material as Confidential shall be made in the following manner:

a.      Documents or other materials may be designated as Confidential by: (1) affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL-AEO" to each page containing any Confidential Material; or (2) by notifying the other Party in writing of the Bates numbers, testimony, or other information it seeks to have designated as Confidential or Confidential — Attorneys' Eyes Only.

b.      For electronic documents produced in native format, if any, designations shall be made in accordance with an agreed upon protocol governing production of electronically stored information.

c.      Depositions or other pre-trial testimony may be designated as Confidential Material by: (1) a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (2) by written notice, sent to all Parties within fifteen (15) business days of the deposition or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential or Confidential — Attorneys' Eyes Only shall be deemed Confidential Material. The Parties may modify this procedure in any particular deposition or other pre-trial testimony, through an agreement on the record at such deposition or testimony, without further order of the Court.

3.      All documents and records that contain the names and/or other personally identifying information of past or present students of the School District and all photographs and videotapes depicting such students' faces, whether redacted or not, shall be considered to be Confidential without the necessity of designation by any Party set forth in Paragraph 2 of this Order.

-4-

4.      The Parties use of Confidential Material shall be limited to use in connection with this Action and any related appellate proceeding and for no other purpose. The Parties and their respective counsel shall ensure that the provisions of this Order are made known to, and fully understood by, all persons involved in this Action,

5.      To the extent that any discovery is taken of persons who are Third Parties and in the event that such Third Parties contend the discovery sought involves trade secrets, PII, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.  As a point of clarity, a Third Party's refusal to agree to this Order shall not delay their participation in discovery or impact and/or interfere with the litigation of this case, including trial proceedings.

6.      Disclosure of Confidential Material.

a.      All material designated "Confidential" may be disclosed or made available by the Party receiving the information to the Parties, the Parties' counsel, and such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, witnesses, deponent, experts and consultants (including their employees and associates) retained to perform work in connections with the Action, the Court and its personnel, court reporters, stenographers, or videographers,  utilized in this Action, interpreters or translators retained by counsel for the purpose of the case, any mediator appointed by the Court or jointly selected by the Parties; and any other person or party designated by the Court. Any person(s) with access to Confidential Material may only use it in connection with this Action and any related appellate proceedings. Any disclosure of Confidential information to the parties shall be limited to the extent deemed necessary by the attorneys for such parties for the prosecution and defense of this litigation. As a point of clarity, the Parties agree that this Order

prohibits publishing, referencing, referring to Confidential Material including, but not limited to any Third Parties, on social media, and/or in any public forum or speech. Any disclosure of Confidential Material to the Parties shall be limited to the extent deemed necessary by their respective counsel for the prosecution and defense of this litigation.

b.      All material designated "Confidential – Attorneys' Eyes Only" may be disclosed or made available to the Parties' counsel, and such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, experts and consultants (including their employees and associates) retained to perform work in connections with the Action, the Court and its personnel, court reporters, stenographers, or videographers utilized in this Action, interpreters or translators retained by counsel for the purposes of this Action, and any other person or party designated by the Court. Any person(s) with access to Confidential –Attorneys' Eyes Only Material may only use it for the purpose of preparing for and conducting this Action and any related appellate proceedings and for no other purpose, or any other lawsuit, litigation and/or appellate proceedings—absent the prior written consent of the Producing Party or leave of the Court.

7.      Notwithstanding paragraph 6.a above, Confidential Material can be provided to persons listed therein only after: (i) advice is given to each person to whom such disclosure is made of the terms of this Order and of the obligation of each such person to comply with the Order and/or by signing an Acknowledgement in the form attached hereto as **Exhibit A**; or (ii) a court of competent jurisdiction orders them to abide by the terms of the Order. The requirements of this paragraph, however, do not apply to the Court and persons employed by the Court.

8.      Any Party showing, providing, or disclosing Confidential Material to any person required to execute the agreement in the form of Exhibit A pursuant to this Order shall be

responsible for obtaining that signed undertaking and retaining the original, executed copy thereof. Provided, however, that any Party may request that counsel representing a deponent obtain in advance of the deposition an executed copy of Exhibit A from the deponent to the extent that the deponent is an employee, officer, or agent of a Party, and the Party shall make a good faith effort to procure an executed Exhibit A prior to deposition.

9.      During the pendency of this Action, any Party objecting to the designation of any Discovery Material or testimony as Confidential Material may, after making a good-faith effort to resolve any such objection with opposing counsel, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Material pursuant to this Order. The provisions of this Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Material.

10.      To the extent that testimony is sought concerning Confidential Materials during any deposition or in any other pre-trial proceeding, any Party may exclude any person, excluding a Party's representative, from the deposition or other proceeding during such testimony if the Confidential Material may not be disclosed to such person under the terms of this Order.

11.      Inadvertent failure to designate Discovery Material as Confidential Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential: (1) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Material; or (2) in any manner consistent with Paragraph 2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so

designated as Confidential Material, and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly-designated information are immediately treated as containing Confidential Material, in addition, upon receiving such supplemental written notice, any Party that disclosed the Discovery Material prior to its designation as Confidential shall exercise its best efforts to: (1) to ensure the return or destruction of such Discovery Material; (2) ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential when originally produced; and (3) ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Order.

12. If, after entry of this Order, a Party discloses or becomes aware of any disclosure of Confidential Material to any person other than in the manner authorized in this Order, such Party shall promptly notify the Producing Party of all pertinent facts related to the disclosure of such Confidential Materials.

13. If any Confidential Material is used as an exhibit to a court filing or admitted into evidence as an exhibit at trial, the Parties shall redact or otherwise obscure the confidential portions of the material, unless the confidential portions are an integral part of a document or record, in which case the Parties shall file the document or record under seal of the Court, pursuant to Local Rules 5.1.2 and 5.1.5.

14. If any photograph or portion of a videotape that contains Confidential Material is used as an exhibit to a court filing or admitted into evidence at trial, the Parties shall file the photograph or portion of the videotape under seal of the Court.

15.     Nothing in this Order shall prohibit the use of identifying information in a case or situation in which the person, or the person's parent, guardian, custodian, or surrogate parent consents to the use of such information.

16.     Nothing in this Order shall prevent any Party from using or disclosing its own Discovery Material in any matter it sees fit, without prior consent of opposing counsel or the Court.

17.     Entering into this Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Order, shall not:

a.     Prejudice in any way the rights of any Party to: (1) seek production of documents or information it considers subject to discovery; or (2) object to the production of documents or information it considers not subject to discovery;

b.     Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

c.     Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Material or contains or any other type of confidential information;

d.     Prejudice in any way the rights of any Party to: (1) petition the Court for a further protective order relating to any purportedly Confidential Material: or (2) seek a determination by the Court whether any Discovery Material or Confidential Material should be subject to the terms of this Order;

e.     Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

f.     Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

g.    Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

h.    Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

18.    Confidential Material filed with the Court shall be filed under seal pursuant to the following procedures:

(a) confer with the Producing Party as to whether the Confidential Materials may be filed, or filed subject to certain redactions; or (b) the filing Party may file its document, excluding the Confidential Materials via placeholder exhibit(s) and/or redactions to portions of the document which discuss or summarize the Confidential Materials, and thereafter notify the Producing Party in writing of its intent to file the Confidential Materials. Once notice is provided, the Producing Party shall have five (5) business days after the notice to file a motion to seal. If a motion to seal is not timely filed, the filing Party may file unredacted copies of the Confidential Materials.

19.    If any Party objects to identified portions of the materials remaining under seal, it shall, within ten (10) business days after submission of such materials to the Court, state its objections in a letter sent by facsimile or electronic mail to counsel for all Parties in this action. The interested Parties shall promptly meet and confer to attempt to resolve those objections and, if such objections cannot be resolved, the Party asserting such objections shall promptly tender those objections to the Court for resolution. The revised public filing, if any, of that submission shall be made by the submitting Party within ten (10) business days after the Court's decision resolving that dispute.

20.    Upon termination of this action, including all appeals, the Parties shall continue to abide by the terms of this Order at all times. Counsel for the Parties shall maintain the

-10-

confidentiality of all Confidential Material and shall not disclose any Confidential Material to any person except pursuant to a court order, the written consent of the Producing Party or as otherwise required by law.

21.     If a Third Party, another court or administrative or government agency subpoenas or orders production of Confidential Materials that a Party has obtained under the terms of this Order, such Party shall, unless prohibited by law or official request of a law enforcement authority, promptly notify in writing the Producing Party of the pendency of the subpoena or order, provide the Producing Party a reasonable time to object or otherwise take appropriate steps to protect the Confidential Materials, and shall not produce the Confidential Materials prior to the date specified for production in the subpoena or order.  Nothing herein shall be construed as requiring any Party to challenge or appeal any order requiring production of Confidential Materials, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance the Parties with any order directing production of any Confidential Materials pursuant to a subpoena or similar legal process, or compliance with any compulsory process of a law enforcement authority, shall not constitute a violation of this Order.

22.     Nothing in this Order shall prevent either Party from applying to the Court for any additional protection with respect to the confidentiality of documents, material or information, or for the right to utilize the Confidential Material in any way not contemplated herein, as either Party may consider appropriate. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

23.     The Parties acknowledge and agree that any Discovery Material(s) previously produced in the Action under the Parties' prior Confidentiality Agreement and designated as

"Confidential" or "Confidential – Attorneys' Eyes Only" shall be governed by this Order at all times after this Order is entered by the Court.

24.     The provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and the Court handling this action shall retain continuing jurisdiction in order to enforce the terms of this Order.

**WE ASK FOR THIS:**

| | |
|---|---|
| */s/ Marc B. Cytryn* | */s/ Marjorie L. Obod* |
| Marc B. Cytryn, Esq. | Marjorie L. Obod, Esq. |
| Royer Cooper Cohen Braunfeld LLC | Dillworth Paxson LLP |
| 101 W. Elm Street, Suite 400 | 1650 Market Street, Suite 1200 |
| Conshohocken, PA 19428 | Philadelphia, PA 19103 |
| Tel: (484) 362-2620 | Telephone: (215) 575-7000 |
| Fax: (484) 362-2630 | Facsimile: (215) 754-4603 |
| Email: mcytryn@rccblaw.com | mbod@dilworthlaw.com |
| | |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

**IT IS SO ORDERED.**

**DATED:** March 30, 2026

/s/ Joel H. Slomsky

**JOEL H. SLOMSKY, J.**

-12-

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| HEATHER MIZRACHI, | : |
| Plaintiff, | : No. 2:25-cv-01681-JHS |
| | : |
| | : (Hon. Joel H. Slomsky) |
| v. | : |
| | : |
| THE SCHOOL DISTRICT OF | : |
| PHILADELPHA, | : |
| | : |
| Defendant. | : |

**DECLARATION AND AGREEMENT TO BE BOUND**

RE:   *Heather Mizrachi v. The School District of Philadelphia*, in the United States District Court for the Eastern District of Pennsylvania, Case No.: 2:25-CV-01681-JHS

I, _____, declare and state under penalty of perjury that:

1.    My address is _____.

2.    My present employer is _____ and the address of my present employer is _____ _____.

3.    My present occupation or job description is _____ _____.

4.    I have received and carefully read the Stipulated Discovery Confidentiality Order (the "Order") in the above-captioned case, which is dated _____, 2026.  I certify that I am bound by the terms of that Order, and agree to comply with those terms.  Further, I understand that unauthorized disclosure of any Confidential Materials as defined in the Order—including any information obtained directly or indirectly from the Confidential Materials—may constitute violations of the Order and may subject me to sanctions or other

remedies that may be imposed by the Court and to potential liability in a civil action for damages by the Producing Party.

5.      I submit myself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of resolving any issue or dispute arising hereunder.

I declare, under penalty of perjury, that I have read the foregoing Declaration and Agreement to be Bound and that the facts stated in it are true, accurate, and complete. I am aware that if any of the foregoing statements are false, I am subject to punishment.

Executed this _____ day of _____, 20_____.

_____
Name (signed)

_____
Name (printed)

2